## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MERIDIAN BIOSCIENCE INC.,

                  Plaintiff,

      v.

DIASORIN INC.,

                  Defendant.

Case No.  1:17-cv-341

Magistrate Judge Karen L. Litkovitz

**PROTECTIVE ORDER**

The Court recognizes that disclosure and discovery activity are likely to arise that will require the disclosure of information that a party or third party considers to constitute a trade secret or confidential research, development, manufacturing, financial, process, marketing, and business information, or other commercial information within the meaning of Federal Rule of Civil Procedure 26(c).  Good cause exists to protect this information from public disclosure.  In the absence of a suitable protective order safeguarding the confidentiality of such information, the parties would be hampered in their ability to produce such information.

Accordingly, the Court **ORDERS** that the parties shall adhere to the following:

1. **DESIGNATION OF PROTECTED MATERIAL**

    1.1    This Order shall govern all information, documents, and other

materials ("Information") obtained by the parties from one another, or from third parties, as may be produced or disclosed during the course of this litigation, including all information copied or derived therefrom, as well as all copies, excerpts, summaries or compilations thereof, including written discovery requests authorized by the Federal Rules of Civil Procedure, documents produced pursuant to requests, answers to interrogatories, deposition transcripts, responses to such requests for admission, affidavits, declarations, expert reports, and other such Information, as may be produced or disclosed during the course of this litigation (collectively, "Litigation Materials").

1.2    Except as otherwise provided in this Order, any producing party or third party ("designating party") may designate any non-public Litigation Material as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "HIGHLY CONFIDENTIAL–CD" (any such Litigation Material that may be so designated and protected in accordance with the terms of this Order being collectively referred to as "Protected Material").

(a)    A designating party may designate as "CONFIDENTIAL" any Litigation Material that the designating party reasonably and in good faith believes to be or to contain information that qualifies for protection under Fed. R. Civ. P. 26(c) used by the designating party in, or pertaining to, its business and that is not generally known, and which that designating party

2

would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.

(b)     A designating party may designate as "HIGHLY CONFIDENTIAL" any Litigation Material that the designating party reasonably believes was not previously disclosed, and that the designating party has not alleged was previously disclosed, to the receiving party (or to any of its affiliates) and reasonably and in good faith believes to be or to contain highly sensitive:  technical, business, or research information relating to research for and production of current or past products; technical, business, or research information regarding future products; financial information; marketing and sales information, such as marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, and customer quotations; pending or abandoned patent applications, foreign or domestic; and such other highly sensitive Litigation Materials that relate to other information that the designating party reasonably believes is of such nature and character that disclosure of such Information would be harmful to the designating party.

(c)     A designating party may designate as "HIGHLY CONFIDENTIAL–CD" , but may not designate as "HIGHLY CONFIDENTIAL,"  any Litigation Material that the designating party

reasonably believes was previously disclosed, or alleges to have been previously disclosed, to the receiving party (or to any affiliate of the receiving party) and reasonably believes would qualify for designation as "HIGHLY CONFIDENTIAL" if it had not been so disclosed or so alleged to have been disclosed; provided, upon entry of this Order, Plaintiff Meridian Bioscience Inc.'s Preliminary Identification of Trade Secrets, which Plaintiff's counsel previously delivered to Defendant's counsel with the legend "HIGHLY CONFIDENTIAL (Outside Counsel of Record Eyes Only Until Entry of Protective Order)," shall be deemed to be designated as "HIGHLY CONFIDENTIAL–CD."

1.3     The following Litigation Material of the producing party shall not be designated or protected under this Protective Order:

(a)     Litigation Material that is in the public domain at the time of disclosure, including patent file histories, publicly available prior art publications, catalogs and other advertising materials, press releases, and publicly-filed financial statements;

(b)     Litigation Material that at any time is made public through no act of a non-designating party;

(c)     Litigation Material that the designating party has not undertaken with others to maintain in confidence and that is in the

possession of or becomes available to the receiving party from a third party other than through discovery in this action, but only if the receiving party can show by written documentation that the information independently came into its rightful possession; or

(d)    Litigation Material that was independently developed by the receiving party, as reflected by written documentation demonstrated to be in existence prior to the earlier of (i) production by the party claiming confidentiality and (ii) the first disclosure by the producing party of the Litigation Material or any Information reflected in the Litigation Material.

1.4    Any Litigation Materials produced or otherwise provided pursuant to a discovery request or subpoena, or other Litigation Materials exchanged by the parties (including discovery responses, letters, and briefs), that a designating party desires to designate as Protected Material in accordance with the terms of this Order shall be so designated by marking each page of the document with the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "HIGHLY CONFIDENTIAL–CD" marking other materials with the "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–CD" where appropriate, and indicating the identity of the producing party (e.g., through the use of an identifying prefix to the document identification (Bates) number), or the suffix "-C", "-HC", or "-HC-CD" to the filename of a native file, respectively, for

CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL– CD files.

1.5   In the event a producing party may make available certain of its files for inspection by another party, which files may contain non-confidential Litigation Material as well as Litigation Material that may be subject to protection under this Protective Order, with the intent that following such inspection the inspecting party will designate certain of the inspected documents to be copied and furnished to it, such files need not be marked with either confidentiality designation in advance, but shall all be treated as HIGHLY CONFIDENTIAL materials until such time as the producing party copies the documents to furnish to the inspecting party, at which time the producing party shall mark Protected Material with the appropriate confidentiality designation to the extent warranted under this Order.  Only those persons identified in paragraph 2.2 may be present at any such inspection.

1.6   Subject to paragraphs 1.2 through 1.5, whenever a deposition involves a disclosure of Protected Material, the following procedures shall apply:

(a)   Any party (or third party if involved) may designate any portion or all of a deposition as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL–CD by notifying the other parties on the record during the deposition.  The Court Reporter shall be asked to make the

appropriate confidentiality designation on each page of the transcript that contains CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL–CD information. At that time, all persons not qualified to receive that category of information shall leave the room prior to continuation of the deposition and until the conclusion of such designated testimony; and

(b)     any party (or third party if involved) may also designate any portion or all of a deposition as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL–CD by notifying the other parties separately in writing within thirty days of receipt of the transcript. In such event, the parties shall confer as to the most convenient way to segregate the designated portions of the transcript. All information disclosed at a deposition and all information contained in deposition transcripts shall be treated as HIGHLY CONFIDENTIAL for a period of thirty days after the receipt of the transcript to permit adequate time for review of the transcript and notice to other counsel regarding any designation as Protected Material by a designating party.

1.7     For the sake of clarity, this Order pertains only to Litigation Materials in the form produced in this action, and is not intended to increase, decrease or otherwise affect the rights and obligations of the parties with respect to any

previously disclosed information or any other information received or developed without use of Litigation Materials, which rights and obligations shall be governed exclusively by any applicable law, agreements between the parties, and other orders of this Court or another adjudicative body of competent jurisdiction.

2. **ACCESS TO AND USE OF PROTECTED MATERIAL**

2.1     Protected Material, and all summaries, compilations, and derivations thereof, whether oral or written, shall be maintained in confidence, shall be used solely in the preparation, prosecution, or trial of this action and not for any other purpose unless agreed in writing by the producing party, and shall be disclosed only as provided in the following paragraphs.

2.2     Protected Material that has been designated as HIGHLY CONFIDENTIAL in accordance with the terms of this Order may be disclosed by the receiving party only to:

(a)     The outside attorneys of record and their employees who are engaged in assisting in this action;

(b)     The following employees and former employees of a receiving party (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective Order" in Exhibit A: Ken Kozak, Melissa Lueke, and Slava Elagin for Plaintiff; and Kay Williams, Fabrizio Bonelli, and Frank Blocki for Defendant;

(c)     Independent consultants or experts retained by the party or its attorneys in connection with this action, including technical experts, damage and industry experts, and jury or trial consultants, together with their employees engaged in assisting in this action, who have signed the "Agreement to Be Bound by Protective Order" in Exhibit A, but subject to the provisions of paragraph 2.5 below;

(d)     The Court and its personnel;

(e)     Court reporters and their personnel engaged in proceedings incident to preparation for trial or engaged in trial;

(f)     Professional vendors and their employees, including copy services, trial graphics services, and translation services, engaged by counsel that have signed the "Agreement to Be Bound by Protective Order" in Exhibit A;

(g)     Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the information; and

(h)     Any person specifically authorized by written consent or written stipulation of the producing party, under conditions set forth by the producing party in such consent or stipulation.

2.3     Protected Material that has been designated as HIGHLY

CONFIDENTIAL–CD in accordance with the terms of this Order may be disclosed by the receiving party only to:

      (a)    The persons identified in paragraph 2.2;

      (b)    Any employee (including any former employee) of the receiving party or any of its affiliates that the receiving party reasonably believes previously had access to such materials and to whom disclosure is reasonably believed by the receiving party to be necessary for this litigation, only to the extent reasonably believed by the receiving party to be necessary for this litigation, and who has signed the "Agreement to Be Bound by Protective Order" in Exhibit A; and

      (c)    Any person specifically authorized by written consent or written stipulation of the producing party, under conditions set forth by the producing party in such consent or stipulation.

    2.4    Protected Material that has been designated as CONFIDENTIAL in accordance with the terms of this Order may be disclosed by the receiving party only to:

      (a)    The persons identified in paragraph 2.2;

      (b)    Any employee (including any former employee) of the receiving party or any of its affiliates to whom disclosure is reasonably believed by the receiving party to be necessary for this litigation, only to the

extent reasonably believed by the receiving party to be necessary for this litigation, and who has signed the "Agreement to Be Bound by Protective Order" in Exhibit A; and

(c)     Any person specifically authorized by written consent or written stipulation of the producing party, under conditions set forth by the producing party in such consent or stipulation.

2.5     Protected Material shall be disclosed by the receiving party to consultants and experts only upon the following terms:

(a)     Prior to any disclosure, the consultant or expert shall be identified in writing to the other parties' counsel by name, address, and corporate, business or other professional affiliation or employment, together with a copy of the expert's or consultant's *curriculum vitae* and a list of the expert's or consultant's engagements for the past three years;

(b)     Unless another party notifies the proposing party of any objection and that objection is received within five business days after notification (by fax, by email, or by overnight mail), the consultant or expert shall thereafter be allowed to have access to Protected Material pursuant to the terms and conditions of this Protective Order;

(c)     In the event of a timely objection, which shall be made in good faith and on reasonable grounds, the proposing party shall refrain from

disclosure of Protected Material to the consultant or expert until the objection has been resolved between the parties or ruled upon by the Court;

(d)     The parties shall endeavor in good faith to resolve the dispute without calling upon the intervention of the Court. The burden is on the objecting party to seek the intervention of the Court by appropriate motion to preclude the proposing party from disclosing Protected Material to the consultant or expert. If no such motion is filed within ten business days of receipt of the objection, the proposing party may disclose Protected Material to the consultant or expert as if no objection had been raised; and

(e)     No party shall use its right to object to a proposed consultant or expert to interfere with the ability of another party to prepare for trial through the use of consultants and experts.

2.6     Prior to receiving any Protected Material, any persons described in subparagraphs (b), (c), (e), (f), or (h) of paragraph 2.2 or subparagraphs (b) or (c) of paragraphs 2.3 or 2.4 shall be furnished with a copy of this Protective Order and shall execute a copy of the "Agreement to be Bound by Protective Order" attached as Exhibit A. A copy of the signed Agreement shall be maintained by counsel for the party providing such access. The signed Agreement of any former employee of a receiving party must be provided to a producing party at least five days prior to discussing with or disclosing or showing to the former employee any Protected

Material of the producing party under this Protective Order; provided, that the foregoing provisions in this sentence shall not apply to Kim Paulsen (a former employee of DiaSorin Inc.).

2.7     Nothing in this Protective Order shall prevent any counsel of record from utilizing Protected Material in the examination of any person who is reasonably alleged to be the author or source of the Protected Material or who is reasonably believed to have knowledge relating thereto. In addition:

(a)     Parties and present employees of the parties, or employees of third parties, may be examined as a witness at depositions and trial and may testify concerning all Protected Material produced or designated by that party, or by the employee's employer if a third party.

(b)     Former employees of the parties, or former employees of third parties, may be examined and may testify concerning all Protected Material produced or designated by the party, or third party, that formerly employed such person and which pertains to the period or periods of his/her employment and prior thereto.

(c)     Former experts of the parties may be examined and may testify concerning all Protected Material produced or designated by the respective party that formerly retained the expert that pertains to the subject matter of the expert's consultation.

(d)    Notwithstanding other provisions of this Protective Order, if Protected Material makes reference to the actual or alleged conduct or statements of a person who is a potential witness at trial, counsel of record may discuss such conduct or statements with such witness at her or his deposition, or in preparation therefor, without revealing any portion of the Protected Material other than that which specifically refers to such conduct or statements, and such discussion shall not constitute disclosure in violation of this Protective Order.

2.8    Nothing in this Protective Order shall preclude any party from introducing Protected Material into evidence at any evidentiary hearing or at trial. However, if anyone intends to introduce or refer to Protected Material at any hearing or trial, the party wishing to make the disclosure shall first notify the producing party and provide that party with an opportunity to object and/or to ask the Court to take appropriate precautionary procedures (e.g., clearing the Courtroom, sealing the record, etc.).

2.9    Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his/her clients with respect to this litigation and referring to or relying generally upon his/her examination of Protected Material, provided that in rendering such advice and in otherwise communicating with his/her clients, the attorney shall not disclose the content of such information, unless the

recipient of such advice is an individual identified in this Protective Order as being permitted to have access to such Protected Material.

2.10   All persons in possession of Protected Material shall exercise reasonable and appropriate care with regard to the storage, custody, and use of such information in order to ensure that the provisions of this Protective Order are observed and the confidential nature of the information is maintained.

2.11   During the course of this action, a receiving party may change, in good faith, one or more of the designated individuals in subparagraph 2.2(b) provided, however, that prior to disclosure of any HIGHLY CONFIDENTIAL material of a producing party to each such designated individual ("New Designated Individual"):

(a)   counsel for the receiving party shall provide notice to counsel for the producing party of such New Designated Individual, identifying the New Designated Individual's employer, job title, department if applicable, and job responsibilities and providing the New Designated Individual's executed the "Agreement to Be Bound by Protective Order" in Exhibit A;

(b)   the producing party shall have five (5) business days from receipt of such notice to object in writing to disclosure of HIGHLY CONFIDENTIAL material to the New Designated Individual, setting forth the reason(s) for the objection, during which time the receiving party shall

not disclose HIGHLY CONFIDENTIAL material to the New Designated Individual;

(c)    barring such objection in writing referenced in subparagraph 2.11(b), the producing party waives the objection to the New Designated Individual;

(d)    the parties shall attempt to resolve any objection informally, but if the objection cannot be resolved, the party that objects to the disclosure of HIGHLY CONFIDENTIAL material to the New Designated Individual must, if it desires to prevent disclosure, move for an order of the Court prohibiting such disclosure;

(e)    such motion referenced in subparagraph 2.11(d) must be filed within five (5) business days from the time the parties reach an impasse and are unable to resolve the objection informally, or else the producing party waives the objection to the New Designated Individual; and

(f)    during the pendency of any such objection or dispute or motion, the receiving party shall not disclose HIGHLY CONFIDENTIAL material to the disputed New Designated Individual.

## 3.    CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

3.1    Any party believing that particular information has been improperly designated, i.e., that it is not in fact CONFIDENTIAL or HIGHLY

CONFIDENTIAL or that it may not be so designated or protected in accordance with the terms of this Order, may challenge such designation at any time by raising the issue, in writing to the designating party, and specifically identifying, by document identification (Bates) number, by deposition page and line, or by other appropriate specific identifier, the information whose confidentiality status is challenged and the basis for the challenge. Within ten business days of receipt of such writing, the designating party shall either remove or reduce the designation, or respond that it has reviewed the matter and continues to maintain the designation in good faith.

3.2     The parties shall endeavor in good faith to resolve any such dispute without calling upon the intervention of the Court. If the designating party maintains its designation and the parties are unable to reach agreement, the challenging party may bring the issue to the Court. The party asserting confidentiality shall have the burden of establishing the appropriateness of the designation, except that a party claiming that information designated by the other as CONFIDENTIAL or HIGHLY CONFIDENTIAL is in the public domain shall have the burden of proving such public knowledge.

3.3     Challenged information shall be treated as designated until the resolution of the dispute by the parties or ruling by the Court.

## 4. FILING OF PROTECTED MATERIAL

4.1    This Protective Order does not authorize filing protected materials under seal. According to the authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. Unless the Court orders otherwise, all sealed documents shall be filed according to S. D. Ohio Civ. R. 5.2.1. A party seeking to file Protected Material with the Court shall take reasonable steps to obtain permission from the Court to file the Protected Material under seal and, if such permission is not granted, shall allow the party that produced the Protected Material a reasonable opportunity (a) to ask the Court for reconsideration or (b) to take other reasonable steps to avoid the public disclosure of the Protected Material.

## 5. TERMINATION OF LITIGATION

5.1    The obligations of this Protective Order shall survive the termination of the action and continue to bind the parties subject, however, to the rights and obligations of the parties as ultimately determined upon termination of this action by judgment, settlement or otherwise from which no appeal can be brought ("Final Determination").

5.2    Within sixty days after Final Determination, each party shall destroy

all Protected Materials of any other party that have been provided after the commencement of this action and shall provide the producing party with a written certification of such destruction. Each party's outside litigation counsel shall have the right to retain one electronic copy and one paper copy of the following materials containing or constituting the Protected Materials of other parties in addition to any work product reflecting such Protected Materials: the pleadings, motions, memoranda, documents, and papers filed with the Court; correspondence between the parties; and deposition transcripts and exhibits.

6.   **THIRD PARTY DISCOVERY**

6.1    In the event that any third party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered CONFIDENTIAL or HIGHLY CONFIDENTIAL by such third party, such third party may elect to have its information treated in accordance with the terms of this Protective Order by so notifying counsel for all parties in writing. Upon service of such notice, such third party may designate Protected Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with this Protective Order, and such third party's designated information shall be protected in the same manner as that of the parties to this action. Further, any party may designate Protected Material provided by any third party as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with the terms of this Protective Order

regardless of whether the third party elected to so designate its documents or information.

7. **INADVERTENT DISCLOSURE**

7.1     If a party inadvertently discloses any Protected Material without designating it properly pursuant to this Protective Order, the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, forwarding a replacement copy of the inadvertently disclosed material properly marked with the appropriate confidentiality designation. The receiving party shall thereafter treat the information as if it had been properly marked from the outset and shall make a reasonable effort to retrieve and destroy the unmarked or improperly marked version of the inadvertently disclosed material. Disclosure by the receiving party to unauthorized persons before being notified of the inadvertent disclosure shall not constitute a violation of this Protective Order. Nothing in this Protective Order shall preclude the receiving party from challenging the confidentiality designation of the late-marked material pursuant to the provisions of paragraph 3.

7.2     Recognizing that this Court has ordered on consent of the parties that discovery in this action will proceed on an expedited basis and that discovery likely will include a high volume of electronically stored information ("ESI"), and having considered the court's opinion in *Irth Solutions, LLC v. Windstream*

*Communications LLC*, 2017 U.S. Dist. LEXIS 121241 (S.D. Ohio 2017), the parties agree that the inadvertent or mistaken production or disclosure of documents or other information subject to a claim of the attorney-client privilege, the work product doctrine, or other privilege or immunity, regardless of the reason for or care taken in connection with the inadvertent or mistaken production, shall not be deemed a waiver of a claim of privilege or immunity, either as to the specific information disclosed or as to any other related information. Further, the parties expressly agree that this agreement shall supplant the requirements of Fed. R. Evid. 502(b)(2) and Fed. R. Evid. 502(b)(3). If a producing party inadvertently produces, or otherwise discloses to a receiving party, information that is subject to such a claim of privilege or immunity, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the inadvertently disclosed information be returned. The receiving party shall immediately cease all review of such inadvertently produced material, immediately segregate such inadvertently produced material, and return all copies of the inadvertently produced material within five business days of receipt of the request. Any notes, summaries, or analyses referring or relating to any inadvertently produced privileged material shall be destroyed. Nothing in this Protective Order shall preclude the receiving party returning the inadvertently produced material from seeking an order compelling the production of information previously

produced inadvertently on the grounds that the material was improperly designated as privileged.

7.3     The production or disclosure of privileged or work-product protected Information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this action or in any other federal or state proceeding. This provision shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d) and the parties' Joint Discovery Plan (ECF No. 37). Notwithstanding, nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of any document, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

7.4     If Protected Material that is subsequently returned or destroyed pursuant to paragraph 7.2 was or is used in, or inserted into, any other document, then to the extent possible, such material will be expunged promptly and will not be used.  To the extent, however, that, prior to being notified of the inadvertent production, the receiving party in good faith used such material in documents filed with the Court or in questioning a witness at a deposition, the receiving party shall reasonably cooperate with the producing party to expunge such material from the Court's record or the deposition record.  The producing party may designate such Protected Material included in any transcript or documents used at a deposition

"CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–CD" to the extent permitted under this Order, and may request that any documents containing Protected Material previously filed with the Court be withdrawn and, if not claimed to be privileged, re-filed under seal pursuant to paragraph 4 of this Order. Notwithstanding this paragraph, the receiving party maintains its rights under this Order to challenge the confidentiality designation and/or privileged status of any such material.

7.5     No challenge in this action to the designation of Protected Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL–CD or to a claim of privilege or immunity from disclosure shall assert as a ground for the challenge that the materials were initially produced with an incorrect or with no confidentiality designation or initially produced inadvertently.  No challenge in this action to a claim of privilege or immunity from disclosure of any material initially produced inadvertently shall refer to the information contained in the material produced inadvertently, except the information that appears on any applicable privilege log.

8.     **MISCELLANEOUS PROVISIONS**

8.1     If Protected Material in the possession of any receiving party is subpoenaed or otherwise subject to compulsory process by any court, by any administrative or legislative body, or by any other person purporting to have

authority to subpoena such information outside this action, or is the subject of any discovery request under Rules 30-36 of the Federal Rules of Civil Procedure or any comparable rule of court or of any adjudicative body (such subpoena, compulsory process, or discovery request collectively referred to as a "Third Party Request"), the party to whom the Third Party Request is directed will not produce such information without first (a) giving prompt written notice (including a copy of the Third Party Request) to the attorneys of record for the producing party, no more than three business days after receiving the Third Party Request, and (b) giving the producing party five business days after giving it such notice to object to the Third Party Request. The party receiving the Third Party Request must also promptly inform in writing the party who caused the Third Party Request to issue, e.g., in another litigation, that some or all the material covered by the Third Party Request is subject to this Protective Order. The party receiving the Third Party Request must deliver a copy of this Protective Order promptly to the party in the other action that caused the Third Party Request to issue.

     8.2    The producing party shall bear the burden and expense of seeking protection in court of its own Protected Material, and nothing in this Protective Order should be construed as authorizing or encouraging a party receiving a Third Party Request in this action to disobey a lawful directive from another court. Disclosure of information in response to a properly issued Third Party Request

shall not constitute a violation of this Protective Order.

8.3    This Protective Order may be modified only by further Order of the Court, whether sua sponte or by agreement of the parties or their counsel and approval by the Court, and is without prejudice to the rights of any party (or third party) to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

8.4    Treatment by counsel or the parties of information designated "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "HIGHLY CONFIDENTIAL–CD" shall not be construed as an admission by any party that the designated information contains trade secrets or other proprietary or confidential information. Conversely, failure to so designate shall not constitute a waiver of any party's claims, either within or outside this action, that any such documents or information do contain trade secrets or other proprietary or confidential information.

8.5    No party shall be obligated to challenge the propriety of any designation, and failure to challenge a claim of confidentiality at the time of receipt shall not constitute a waiver of the right to challenge a confidentiality designation at any later time.

8.6    In the event that any additional party joins or is joined in this litigation, such party shall not have access to Protected Material until such party

has executed and filed with the Court its "Agreement to Be Bound by Protective Order" in Exhibit A.

8.7   Nothing in this Order shall prohibit the transmission or communication of information designated "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" , or "HIGHLY CONFIDENTIAL–CD" between or among those afforded access to it pursuant to this Order, including (a) via hand-delivery, (b) via face-to-face conference, (c) in sealed envelopes or containers via the mail or an established freight, delivery, or messenger service, or (d) by e-mail, telephone, facsimile, FTP, drop box, secure server, or other electronic storage or transmission means.

8.8   Each individual who receives any Protected Material in accordance with any provision of this Order hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

**IT IS SO ORDERED:**

Karen L. Litkovitz
United States Magistrate Judge

<u>**EXHIBIT A**</u>

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| MERIDIAN BIOSCIENCE INC., | Case No.  1:17-cv-341 |
| Plaintiff, | Magistrate Judge Karen L. Litkovitz |
| v. | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| DIASORIN INC., | |
| Defendant. | |

I, _____, hereby acknowledge that I received a copy of the Protective Order in this action. I read and understood the Protective Order and agree to be bound by its provisions. I agree not to copy or use any Protected Material (as defined by the Protective Order) that is provided to me for any purpose other than in connection with my participation or retention in connection with this action, and I agree not to reveal any such information to any person not authorized to receive it by the Protective Order.

I further acknowledge and understand that a violation of the Protective Order may subject me to penalties of the Court, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of Ohio in connection with any proceedings concerning enforcement of the Protective Order.

Dated: _____, 20__      _____